# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO LOPEZ, | ) 1:11cv02075 LJO DLB PC<br>)<br>) ORDER DISMISSING COMPLAINT<br>) WITH LEAVE TO AMEND<br>)<br>) THIRTY-DAY DEADLINE<br>)<br>)<br>) |
| Plaintiff, | |
| vs. | |
| R. L. ATHEY, et al., | |
| Defendants. | |

Plaintiff Emiliano Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 16, 2011. He names Sergeant R. L. Athey, Captian Adrian Pineda, Warden James Yates, Vice Principal Cheryl Lopez, Law Library Technician Isaac Ramirez, and CDCR Secretary Matthew Cate as Defendants.

**A.    LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at Pleasant Valley State Prison ("PVSP"), where the events giving rise to this action occurred.

Plaintiff alleges that on February 23, 2010, the Hispanic population at PVSP was placed on lockdown. While on lockdown, Plaintiff submitted two inmate request forms seeking access to the law library. The requests were not answered and access was not granted.

On April 5, 2010, Plaintiff filed an administrative appeal. Defendant Ramirez responded the same day and told Plaintiff that he was informed by Defendant Athey that he could only make copies. Plaintiff filed an appeal for the First Level review.

During the lockdown, the law library made copies and brought legal cases to Plaintiff's cell (known as "paging") because he was approved for priority legal user status.

On April 20, 2010, the lockdown was lifted and Plaintiff was able to work on his petitions for writ of habeas corpus filed in the Kern County Superior Court and Los Angeles County Superior Court.

On June 9, 2010, Plaintiff was placed on lockdown again. He requested access to the law library, but was ignored.

Plaintiff filed for priority legal user status after the Fifth District Court of Appeals denied a habeas petition on June 23, 2010. Plaintiff wanted to submit the petition to the California Supreme Court. However, he was unable to physically access the law library and could not locate the rules relating to filing petitions in the California Supreme Court. Out of desperation, Plaintiff sent the California Supreme Court a request for an extension to file his writ. The request was denied on July 26, 2010.

On June 30, 2010, Defendant Lopez, Vice Principal in charge of law library operations, interviewed Plaintiff. She partially granted his appeal, but Plaintiff was still not let into the law library to perform research on the computer.

On July 23, 2010, Plaintiff was scheduled to access the law library. Prison officials escorted him to the program office, however, where he was "locked into a cage smaller than a phone booth," with no place to sit or write. Complaint, at 3.3. Defendant Ramirez gave Plaintiff a California Criminal Law Practice and Procedure book and left. Plaintiff spent two hours in the cage, expected to do research in these conditions. Afterwards, Plaintiff felt significant pain all over his body, which persisted for a couple of weeks.

Plaintiff continued to receive legal cases from the library, but complained that it was a very slow way to do research and continued to request access to the law library. On July 29, 2010, Defendant Yates partially granted his appeal but allowed only paging.

On July 29, 2010, Plaintiff's habeas petition in the Los Angeles County Superior Court was denied. Plaintiff submitted his habeas petition to the Second Appellate District and was advised to file his petition in the appellate district of the superior court. Plaintiff submitted the petition back to the same superior court a number of times.

On August 13, 2010, Plaintiff was scheduled for library access but was instead placed in the cage in the program office for two hours. He was allowed to use the California Criminal Law Practice and Procedure book, but not the computer.

Plaintiff filed another administrative appeal challenging the oppressive nature of accessing the law library in the cage after being granted physical access to the law library. Defendant Lopez answered the appeal on September 9, 2012, indicating that it was up to custody to escort him to the library during lockdown and therefore the appeal should be directed to custody.

On September 20, 2010, Plaintiff submitted an administrative appeal directed to the facility caption and requesting meaningful access to the law library. The appeal was granted on November 5, 2010. By this time, Plaintiff was not on lockdown and was able to access the law library.

Plaintiff finally figured out where the appellate division of the Los Angeles Superior Court was located and filed his petition on March 10, 2011. He received a "scathing 11 page denial with prejudice for abusing the writ." Complaint, at 3.4. Plaintiff filed his petition in the California Supreme Court and it was denied on November 16, 2011.

Plaintiff contends that as a result of Defendants' actions, he was denied access to the courts. He contends that he was singled out because he was on lockdown and was not allowed access to the law library. He further alleges that being subjected to the "cage" discouraged him from asking for library access while on lockdown.

Based on these allegations, Plaintiff contends:

1.  That Defendants Yates, Pineda, Athey, C. Lopez, Cate and Ramirez denied him access to the law library during lockdown;

2.  That Defendants Yates, Pineda, Athey, C. Lopez, Cate and Ramirez denied him access to the courts, which resulted in dismissal of his petitions for post-conviction relief in the Los Angeles County Superior Court and Fifth Appellate District;

3.  That Defendants Yates, Pineda and Cate violated the Eighth Amendment by locking Plaintiff into a small cage;

4.  That Defendants Lopez and Ramirez knew of this cruel and unusual treatment and did not report it to superiors; and

5.  That Yates, Cate and Pineda allowed policies that interfered with Plaintiff's access to the courts.

C.  **ANALYSIS**

1.  *Defendants Cate and Pineda*

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235

(9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235, and administrators and/or supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, as alleged here, may support a claim, the policy must have been the moving force behind the violation.  Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Here, Plaintiff fails to assert *any* factual allegations against either Defendant Cate or Defendant Pineda.  Although he includes them in his statement of claims, such legal conclusions are insufficient under both Iqbal and Rule 8, discussed above.  Without factual allegations to link either Defendant Cate or Pineda to any constitutional violation, Plaintiff has failed to state a claim against them.

2.   *Access to Law Library and Courts*

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir.2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir.2009).  "Under the First Amendment, a prisoner has both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances."  Silva, 658 F.3d at 1101–02.

The right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977); see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir.1999). The right, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts .... [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. Lewis, 518 U.S. at 356–57. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351.

An inmate also has a right to litigate without interference in pursuit of legal redress for claims that have a reasonable basis in law or facts. Silva, 658 F.3d at 1103.

To establish a violation of the right of access to the court, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis, 518 U.S. at 349 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412–415 (2002). The plaintiff must show (1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; (2) the official acts frustrating the litigation; and, in the case of a backward-looking claim, (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Id. at 414–15.

Here, Plaintiff appears to be alleging a denial of access claim based on his inability to file a timely petition with the California Supreme Court and appellate division of the Los Angeles County Superior Court.

Despite Plaintiff's allegations, however, his complaint demonstrates that he was able to file numerous pleadings with various courts.  In or about April 2010, Plaintiff filed habeas petitions in the Kern County Superior Court and Los Angeles County Superior Court.  The Kern County petition was eventually denied by the Fifth District Court of Appeal on June 23, 2010. Even though he was unsure of the requirements for filing a habeas petition in the California Supreme Court, Plaintiff was able to send the California Supreme Court a request for an extension to file his writ.  The request was denied on July 26, 2010.

After Plaintiff's Los Angeles County Superior Court habeas petition was denied on July 29, 2010, Plaintiff was able to submit his habeas petition to the Second Appellate District. Despite an apparent misunderstanding as to where to file his next petition, he was able to submit his petition to the superior court a number of times.  Plaintiff eventually determined where the appellate division of the Los Angeles Superior Court was located and was able to file his petition on March 10, 2011.  Plaintiff was also able to file a habeas petition in the California Supreme Court, which was denied on November 16, 2011.

Plaintiff's filing history therefore demonstrates that he was able to file documents throughout the time period at issue.  Although Plaintiff's habeas petitions were ultimately denied, he was able to file the petitions in the first instance.  Similarly, although Plaintiff alleges that he was unsure of filing requirements, he was still able to communicate with the court and request an extension of time.  Plaintiff states that the California Supreme Court denied the request, but he does not state whether a timely petition was ultimately filed.  Also, although Plaintiff misunderstood where the next petition needed to be filed after the denial in the Los Angeles Superior Court, this does not equate to a denial of access claim.  Based on these facts, Plaintiff has failed allege an actual injury by demonstrating the loss of a 'nonfrivolous' or 'arguable' underlying claim.

Plaintiff also fails to demonstrate any official acts that frustrated the litigation.  During lockdown periods, Plaintiff was afforded access to the law library through a holding cell and through delivery of cases of his cell.  Exh. 1, attached to Complaint.  When he was not on lockdown, he was able to physically access the law library.

Plaintiff has therefore failed to state a claim for denial of access to the courts.

Insofar as Plaintiff attempts to allege a claim based on denial of access to the law library, there is no such free-standing claim absent evidence of an actual injury.

3.   *Eighth Amendment Violation*

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer,

511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff contends that his placement in the "cage" for two hours on two separate occasions was a violation of the Eighth Amendment. However, although he alleges that this resulted in pain for a couple of weeks, there is no indication that his placement in a holding cell to perform legal research constituted deliberate indifference to a substantial risk of harm to Plaintiff's health or safety. He therefore fails to state an Eighth Amendment violation.

4.     *Failure to Intervene*

Under the Eighth Amendment, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

Plaintiff contends that Defendants Lopez and Ramirez violated the Eighth Amendment because they were "aware of the cruel and unusual treatment" and did not report it to supervisors. However, as explained above, Plaintiff has not stated a claim under the Eighth Amendment in the first instance. It therefore follows that he has failed to state a failure to protect claim under the Eighth Amendment.

5.  *Policies*

There is no supervisory liability under section 1983. Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, as alleged here, may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff contends that Defendants Yates, Cate and Pineda allowed policies that interfered with his right to access the courts. However, Plaintiff has failed to allege an underlying access to the courts claim, and he is therefore unable to allege supervisory liability based on an unconstitutional policy.

**D.   CONCLUSION AND ORDER**

Plaintiff's complaint therefore fails to state a claim for which relief may be granted. However, the Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule

220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff's amended complaint may not exceed **twenty-five (25) pages**, not including exhibits; and

5. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **January 30, 2013**                    /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE