# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>R. L. ATHEY, et al.,<br><br>　　　　　Defendants. | 1:11cv02075 LJO DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Document 16) |

　　　　Plaintiff Emiliano Lopez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On November 13, 2013, the Magistrate Judge issued Findings and Recommendations that the action be dismissed for Plaintiff's failure to state a claim upon which relief could be granted.  The Findings and Recommendations were served on Plaintiff and contained notice that any objections to the Findings and Recommendations were to be filed within thirty days.  After receiving extensions of time, Plaintiff filed objections on February 24, 2014.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's

objections, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

Insofar as Plaintiff attempts to hold Defendants Cate and Yates liable under a theory of supervisory liability, his argument fails. Plaintiff suggests that because Defendants Cate and Yates had to submit an incident report and obtain approval for the lockdown, they were aware that the lockdown had suspended major program operations. However, while they may have been aware of the general effects of a lockdown, they were not aware of Plaintiff's specific situation. This precludes liability against Defendants Cate and Yates.

In challenging the Court's finding that he failed to state an access to the courts claim, Plaintiff states that he has demonstrated an actual injury because, although he was able to file his petitions, they were "frustrated" as a result of Defendants' policies. Obj. 6. In support of his argument, Plaintiff cites Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010), where the Ninth Circuit found actual injury when, during a lockdown, an inmate was prevented from filing an appellate brief to challenge his state court conviction. There, the plaintiff was on lockdown during the time period that his brief was due, and he alleged that he was not aware of the alternate "paging system" available during lockdowns. Hebbe, 627 F.3d at 343.

Here, however, Plaintiff alleges that during the first lockdown, copies and cases were brought to his cell. After this two-month lockdown, he was able to use the library and worked on his habeas petitions. During the second lockdown, on two occasions, Plaintiff was placed into a small cage and was allowed to use California Criminal Law Practice and Procedures. He was permitted to stay in the cage for two hours each time.

Therefore, unlike the inmate in Hebbe, Plaintiff was afforded alternate access during the lockdown. He was given copies, had cases brought to his cell and was permitted to use California Criminal Law and Procedure twice. While he may have rather had physical access to the law library, the nature of the prison setting sometimes prevents this. In fact, Plaintiff states in

his First Amended Complaint that the conditions in which he had to perform research "discouraged" him from requesting access. FAC 9. In his objections, he states that it "hindered his desire" to use the law library. Obj. 6. Although Plaintiff may not have liked the way research was conducted during a lockdown, it does not mean that the situation rises to the level of a constitutional violation.

Finally, insofar as Plaintiff attempts to allege a violation of equal protection, he cannot raise the issue for the first time in his objections.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed November 13, 2013, are ADOPTED in full;
2. This action is dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and
3. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **March 4, 2014**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE